MATTHEW C. MACLEAR (SBN 209228)
mcm@atalawgroup.com
ERICA A. MAHARG (SBN 279396)
eam@atalawgroup.com
AQUA TERRA AERIS (ATA) LAW GROUP
4030 Martin Luther King Way
Oakland, CA 94609
Telephone: (510) 473-8793

**Attorneys for Plaintiffs**
ASSOCIATION OF IRRITATED RESIDENTS
SAN JOAQUIN RAPTOR/WILDLIFE RESCUE CENTER
CENTRAL VALLEY SAFE ENVIRONMENT NETWORK
PROTECT OUR WATER

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION OF IRRITATED RESIDENTS, a non-profit association, SAN JOAQUIN RAPTOR/WILDLIFE RESCUE CENTER a non-profit corporation, CENTRAL VALLEY SAFE ENVIRONMENT NETWORK, a non-profit association, and PROTECT OUR WATER, a non-profit association,<br><br>                Plaintiffs,<br><br>        vs.<br><br>CERTAINTEED LLC, a Delaware Limited Liability Company,<br><br>                Defendant. | Civil Case Requirement:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES UNDER THE CLEAN AIR ACT (42 U.S.C. § 7604)** |

# I. JURISDICTION AND VENUE

1. Plaintiffs Association of Irritated Residents ("AIR"), San Joaquin Raptor/Wildlife Rescue Center ("SWR/WRC"), Central Valley Safe Environment Network ("CVSEN") and Protect Our Water ("POW") (collectively, "Plaintiffs") bring this suit under the citizen suit enforcement provision, 42 U.S.C. § 7604, of the federal Clean Air Act ("CAA") to redress and prevent violations of the CAA by CertainTeed LLC ("Defendant") at its facility located at 17775 Ave. 23 1/2, Chowchilla, California, 93610 ("Facility"). Among other things, the suit seeks declaratory relief, injunctive relief, and the assessment of civil penalties for violations of permits and requirements under Title V (i.e., the federal operating permits program) of the CAA, 42 U.S.C. §§ 7661-7661f, and the State Implementation Plan ("SIP") adopted by the State of California and approved by the Environmental Protection Agency ("EPA") pursuant to section 110 of the CAA, 42 U.S.C. § 7410, codified at 40 C.F.R. § 52.220. In this lawsuit, Plaintiffs allege that Defendant has repeatedly violated and continues to violate requirements in its Title V permit to operate for the Chowchilla Plant.

2. This court has subject matter jurisdiction under the CAA, 42 U.S.C. § 7604 (citizen suit provision), and the federal jurisdiction statute, 28 U.S.C. § 1331 (federal question jurisdiction) because the sources of the violations are located within this judicial district. The relief requested is authorized pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 2201-2202.

3. The violations complained of occurred and continue to occur in the Eastern District of California. Venue is therefore proper in the Eastern District of California, pursuant to the Clean Air Act, 42 US.C. § 7604(c)(1), and the federal venue statute, 28 U.S.C. § 1391(b)-(c).

4. Consistent with the CAA's citizen suit provision, 42 U.S.C. § 7604(b)(1)(A), on May 18, 2020, Plaintiffs notified in writing the Administrator of the EPA (the "Administrator"), the Regional Administrator of Region 9 EPA, the Governor of California, the California Air Resources Board ("CARB"), Defendant, and the plant manager of the Chowchilla Plant of the violations alleged in this complaint and of Plaintiffs' intent to sue. More than sixty (60) days have passed since this notice ("Notice of Intent to Sue") was served via certified U.S. mail. Defendant has violated and remains in violation of CAA, the California SIP, and its Title V permit. Plaintiffs are informed and believe, and thereon allege, that neither EPA nor CARB has commenced or is diligently prosecuting a court action

1   to redress the ongoing violations alleged in the Notice of Intent to Sue and in this complaint. The

2   Notice of Intent to Sue and its exhibits are attached hereto as **Exhibit A** and fully incorporated herein

3   by reference.

4   5.   A copy of this complaint will be sent to the Attorney General of the United States and the

5   Administrator, pursuant to 42 U.S.C. § 7604(c)(3).

## II. PARTIES

7   6.   Plaintiff AIR is a California non-profit corporation incorporated in 2012. AIR's mission is to

8   combat the pollution of the air and waters of the San Joaquin Valley of the State of California by

9   raising awareness of sources of pollution, advocating for regulatory oversight, and litigating against

10  polluters in violation of state and federal environmental laws.

11  7.   Plaintiff SJR/WRC is a California non-profit corporation and plaintiffs CVSEN and POW are

12  non-profit associations sponsored by SJR/WRC. SJR/WRC, CVSEN and POW's organizational

13  purposes are protecting and preserving wildlife habitats and the environment, including combating

14  pollution of the air and waterways in the San Joaquin Valley.

15  8.   AIR's members use the resources in the San Joaquin Valley airshed most immediately

16  impacted by Defendant's violations of CAA. Members reside, visit, work, and recreate near the

17  Chowchilla Plant and are exposed to the Chowchilla Plant's emissions. The health-related, aesthetic,

18  recreational, environmental, and economic interests of AIR's members are and have been injured by

19  Defendant's failure to comply with its CAA permit, which is designed to achieve healthy air quality

20  for people and the environment. Interests of AIR's members that are directly injured by Defendant's

21  violations at the Chowchilla Plant include, but are not limited to: (1) breathing air in the San Joaquin

22  Valley free from excessive pollution discharges and without the impact of and concern over negative

23  health effects that such emissions cause; (2) enjoying outdoor recreation that is unimpaired by

24  pollution from the Chowchilla Plant's emissions; (3) using and enjoying property and viewing and

25  enjoying natural scenery, wildlife, and a sky that is unimpaired by pollution from the Chowchilla

26  Plant's excessive emissions; and (4) protecting the natural ecology of the region from air pollution-

27  related impacts.

28  9.   Plaintiffs SJR/WRC, CVSEN and POW's members also use the resources in the San Joaquin

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES

Valley airshed most immediately impacted by Defendant's violations of CAA. Members reside, visit, work, and recreate near the Chowchilla Plant and are exposed to the Chowchilla Plant's emissions. Plaintiff SJR/WRC also rescues and cares for injured or ailing raptors and other wildlife affected by air and water pollution throughout the San Joaquin Valley. The health-related, aesthetic, recreational, environmental, and economic interests of SJR/WRC, CVSEN and POW's members are and have been injured by Defendant's failure to comply with its CAA permit, which is designed to achieve healthy air quality for people and the environment. Interests of SJR/WRC, CVSEN and POW's members that are directly injured by Defendant's violations at the Chowchilla Plant include, but are not limited to: (1) breathing air in the San Joaquin Valley free from excessive pollution discharges and without the impact of and concern over negative health effects that such emissions cause; (2) enjoying outdoor recreation that is unimpaired by pollution from the Chowchilla Plant's emissions; (3) using and enjoying property and viewing and enjoying natural scenery, wildlife, and a sky that is unimpaired by pollution from the Chowchilla Plant's excessive emissions; and (4) protecting the natural ecology, including raptors and other wildlife, of the region from air pollution-related impacts.

10. Defendant CertainTeed LLC ("CertainTeed") is a limited liability company organized under the laws of Delaware and registered in California. According to the Title V permit issued by the San Joaquin Valley Air Pollution Control District to operate the Chowchilla Plant, CertainTeed Corporation is the legal owner and operator of the Chowchilla Plant. Based on information available to Plaintiffs, CertainTeed Corporation surrendered its registration with the California Secretary of State in 2019 after restructuring into two entities, CertainTeed LLC and DBMP LLC, and CertainTeed LLC became the owner/operator of the Chowchilla Plant.

## III. STATUTORY BACKGROUND

### A. CLEAN AIR ACT CITIZEN ENFORCEMENT PROVISION

11. The CAA is designed "to protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population." 42 U.S.C. § 7401(b)(1).

12. Any person may commence a civil enforcement action under the CAA against any party "who is alleged to have violated . . . or to be in violation of [] an emission standard or limitation." *Id*. at §

1   7604(a). An "emission standard or limitation" is, among other things, any term or condition of a

2   permit issued under an approved State Implementation Plan, any standard or limitation under any

3   approved State Implementation Plan, or any permit term of a Title V operating permit. *Id*. at §

4   7604(f)(4).

5   **B.    STATE IMPLEMENTATION PLANS (SIPS)**

6       13. The EPA has established National Ambient Air Quality Standards ("NAAQS") for a number

7   of "criteria pollutants," such as particulate matter. 42 U.S.C. § 7409; 40 C.F.R. pt. 50. An area that

8   meets the NAAQS for a particular criteria pollutant is deemed to be in "attainment" for that pollutant.

9   *Id*. at § 7407(d)(1). An area that does not meet the NAAQS is a "nonattainment" area. *Id*.

10      14. Pursuant to 42 U.S.C. § 7410, each state must adopt and submit to EPA for approval a State

11   Implementation Plan ("SIP") that provides for the attainment and maintenance of the NAAQS.

12   Specifically, SIPs set forth requirements for permitting programs and specific emission standards and

13   limitations to assure that geographic areas either remain in attainment or regain attainment status.

14   Compliance with permit terms and conditions is a critical component of NAAQS attainment and

15   maintenance. Once a state's SIP is approved by EPA, it is published in the Code of Federal

16   Regulations and becomes enforceable federal law. 42 U.S.C. § 7413; 40 C.F.R § 52.23.

17      15. The State of California Implementation Plan for Achieving and Maintaining the National

18   Ambient Air Quality Standards ("California SIP") can be found at 40 C.F.R. § 52.220.

19      16. The California SIP includes the rules and regulations adopted by the various air districts

20   statewide.

21   **C.    TITLE V OPERATING PERMITS**

22      17. Title V of the CAA, 42 U.S.C. §§ 7661 -7661f, establishes an operating permit program for

23   "major sources" of air emissions, such as the CertainTeed Chowchilla Plant. The purpose of the Title

24   V program is to ensure that all "federally-enforceable" requirements for a source's compliance with

25   CAA are collected in one place—the Title V Federal Operating Permit. Thus, for example, the SIP

26   provisions applicable to a source are incorporated into the source's Title V permit. EPA has stated

27   that the Title V program "will enable the source, States, EPA, and the public to understand better the

28   requirements to which the source is subject, and whether the source is meeting those requirements.

1   Increased source accountability and better enforcement should result." 57 Fed. Reg. 32,250, 32,251

2   (July 21, 1992).

3   18. California implements the Title V program pursuant to EPA-approved regulations. California

4   Health & Safety Code § 40001; 40 C.F.R. § 52.220(c).

5   19. It is unlawful for any person to violate any requirement of a permit issued under Title V or to

6   operate a major source except in compliance with a permit issued by a permitting authority under

7   Title V. 42 U.S.C. § 7661a(a).

8   **D.     THE SAN JOAQUIN VALLEY AIR POLLUTION CONTROL DISTRICT**

9   20. Regional air pollution control districts within California are charged with implementing Title

10  V permits. California Health & Safety Code §§ 39002, 40001.

11  21. Defendant's Chowchilla Plant is under the authority of the San Joaquin Valley Air Pollution

12  Control District ("Air District"). *See* California Health & Safety Code § 40600.

13  22. The Air District issues, renews, revises, reopens, revokes, and terminates Title V operating

14  permits pursuant to Air District Rule 2520, in accordance with EPA regulations codified at 40 C.F.R.

15  § 70.

16  23. The Air District has adopted rules and regulations that are approved by EPA, are part of the

17  California SIP, and govern permits issued by the Air District, as well as operations at major sources

18  of air emissions, such as the Chowchilla Plant.

19  24. The California Legislature has declared: "Residents of the San Joaquin Valley suffer some of

20  the worst air quality in the world. This poor air quality poses a significant threat to public health, the

21  environment, and the economy of the valley." California Health and Safety Code § 40610(a).

22  25. According to the Air District website, the San Joaquin Valley is not currently attaining federal

23  air quality standards for fine particulate matter ($PM_{2.5}$) and ozone and is not attaining state air quality

24  standards for coarse particulate matter ($PM_{10}$), $PM_{2.5}$, and ozone.

25  ## IV. **STATEMENT OF FACTS**

26  26. Defendant owns and operates the Chowchilla Plant, a fiberglass manufacturing plant located

27  at 17775 Ave. 23 ½. Chowchilla, CA 93610.

28  27. The Chowchilla Plant is located in the San Joaquin Valley and is under the authority and

1   jurisdiction of the Air District.

2   28. In addition to other units, the Chowchilla Plant includes a single glass melting furnace.

3   29. At all times relevant to this civil action, the Chowchilla Plant and its glass melting furnace

4   was a "major source" within the meaning of Title V of the CAA and the California SIP.

5   30. On information and belief, Plaintiffs allege that at all times relevant to this action Defendant's

6   Chowchilla Plant was operating under a Title V permit to operate.

7   31. On information and belief, Plaintiffs allege that the Air District issued a Title V Permit for the

8   Chowchilla Plant that was set to expire on May 31, 2016 ("2016 Title V Permit") and that 2016 Title

9   V Permit was active on or about July 7, 2011.

10   32. The Air District issued Defendant's Chowchilla Plant a renewed Title V Permit on or about

11   June 22, 2017, which expires on May 31, 2022 ("2022 Title V Permit"). (The 2016 Title V Permit

12   and the 2022 Title V Permit are collectively referred to herein as the "Title V Permit.")

13   33. Defendant's 96 MMBTU/Hr glass melting furnace ("the Furnace") was permitted in the 2016

14   Title V Permit as Unit No. C-261-2-22 and was subsequently permitted as Unit No. C-261-2-28 in

15   the 2022 Title V Permit, with additional 2016 unit permitting numbers assigned in the interim, C-

16   261-2-24 and 261-2-27.

17   34. The Title V Permit includes Facility-Wide Requirements, as well as requirements for the

18   individually permitted units, including the Furnace. The Facility-Wide Requirements were permitted

19   in the 2016 Title V Permit as Facility: C-261-0-3 and was subsequently permitted as Facility: C-261-

20   0-4 in the 2022 Title V Permit.

21   35. The Title V Permit states: "The permittee must comply with all conditions of the permit

22   including permit revisions originated by the District. All terms and conditions of a permit that are

23   required pursuant to the Clean Air Act (CAA), including provisions to limit potential to emit, are

24   enforceable by the EPA and Citizens under the CAA. Any permit noncompliance constitutes a

25   violation of the CAA and the District Rules and Regulations, and is grounds for enforcement action,

26   for permit termination, revocation, reopening and reissuance, or modification; or for denial of a permit

27   renewal application. [District Rules 2070, 7.0; 2080; and 2520, 9.8.1 and 9.13.1] Federally

28   Enforceable Through Title V Permit." Title V Permit, Facility C-261-0-3, Requirement 8; Title V

1  Permit, Facility C-261-0-4, Requirement 8.

2  36. Opacity is a measure of the amount of soot and/or particulate matter emitted in a smokestack's

3  gas stream over a specified time period. The measurement is used to ensure compliance with emission

4  standards for particulate matter ("PM"). Particulate matter is a mixture of small particles, including

5  organic chemicals, metals, and ash, which can cause health and environmental problems.

6  37. The Title V Permit includes emissions limits for opacity. Specifically, the Title V Permit states

7  that "No air contaminants shall be discharged into the atmosphere for a period or periods aggregating

8  more than 3 minutes in any one hour which is as dark or darker than Ringelmann #1 or equivalent to

9  20% opacity and greater, unless specifically exempted by District Rule 4101 (02/17/215)." Title V

10  Permit, C-261-0-4, Requirement 25; Title V Permit, C-261-0-3, Requirement 25 ("opacity emission

11  standard"). This standard is also incorporated into California's State Implementation Plan ("SIP"), 40

12  C.F.R. § 52.220 et seq., and San Joaquin Valley Air Pollution Control District Rule 4101, Section 5.

13  38. Within the last five years, Defendant has self-reported exceeding the opacity emission

14  standard at least 8,721 times and continues to violate such standards. Each of these exceedances

15  constitutes a separate and distinct violation of the Title V Permit and the CAA.

16  39. The Title V Permit includes requirements for Defendant to operate and maintain continuous

17  pollution control technology to control emissions of air pollutants.

18  40. The permit unit requirement for the Furnace in the Title V Permit requires that "CertainTeed

19  shall continuously operate and maintain the caustic soda injection system for the pretreatment of the

20  glass furnace gas steam upstream of the dry ESP [electrostatic precipitator]." Title V Permit, Permit

21  Unit C-261-2-28, Requirement 30; Title V Permit, Permit Unit C-261-2-27, Requirement 30; *see* Title

22  V Permit, Permit Unit C-261-2-24. The Title V Permit also requires that "Both the caustic soda

23  injection system (scrubber) and the dry electrostatic precipitator shall be functioning as air pollution

24  abatement devices whenever the glass melting furnace is in operation. Title V Permit, Permit Unit C-

25  261-2-28, Requirement 31; Title V Permit, Permit Unit C-261-2-27, Requirement 31; *see* Title V

26  Permit, Permit Unit C-261-2-24.

27  41. Within the last five years, Defendant has self-reported violations of the requirements to

28  continuously operate pollution control equipment at least 55 times. Each of these violations

1   constitutes a separate and distinct violation of the Title V Permit and the CAA.

2   42. The Title V Permit includes requirements for Defendant to maintain the hourly average total

3   power input into the dry electrostatic precipitator ("DESP").

4   43. The permit unit requirement mandates that Defendant maintain "[t]he hourly average total

5   power input into the DESP . . . at or above 6.8 kW." Title V Permit, Permit Unit C-261-2-28,

6   Requirement 49; Title V Permit, Permit Unit C-261-2-27, Requirement 49; *see* Title V Permit, Permit

7   Unit C-261-2-24.

8   44. Within the last five years, Defendant has self-reported at least 11 violations of this

9   requirement. Each of these violations constitutes a separate and distinct violation of the Title V Permit

10   and the CAA.

11   45. The Title V Permit includes requirements for Defendant to operate and maintain continuous

12   emissions monitoring systems ("CEM" or "CEMS") to measure stack gas concentrations of nitrogen

13   oxides ("NOx") and stack gas volumetric flow rates, including data acquisition systems ("DAS").

14   46. The permit unit requirement in the Title V Permit mandates the following five requirements:

15   a.   "The applicant shall maintain and operate CEM to measure stack gas NOx

16   concentration [cites] and stack gas volumetric flow rate [cites]." Title V Permit, Permit Unit C-261-

17   2-28, Requirement 23; Title V Permit, Permit Unit C-261-2-27, Requirement 23; s*ee* Title V Permit,

18   Permit Unit C-261-2-24.

19   b.   "The facility shall maintain equipment, facilities, and systems compatible with the

20   [Air] District's CEM data polling software system and shall make CEM data available to the [Air]

21   District's automated polling system on a daily basis." Title V Permit, Permit Unit C-261-2-28,

22   Requirement 25; Title V Permit, Permit Unit C-261-2-27, Requirement 25; s*ee* Title V Permit,

23   Permit Unit C-261-2-24.

24   c.   "CertainTeed Corporation shall maintain and operate the following continuous

25   emissions monitoring systems (CEMS) in the final stack: (1) a CEMS to measure stack gas NOx

26   concentrations; (2) a CEMS to measure stack gas volumetric flow rates." Title V Permit, Permit Unit

27   C-261-2-28, Requirement 56; Title V Permit, Permit Unit C-261-2-27, Requirement 56; s*ee* Title V

28   Permit, Permit Unit C-261-2-24.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES

d.      "The NOx CEMS shall meet EPA monitoring performance specifications [cites]." Title V Permit, Permit Unit C-261-2-28, Requirement 57; Title V Permit, Permit Unit C-261-2-27, Requirement 57; s*ee* Title V Permit, Permit Unit C-261-2-24.

e.      "The volumetric flow rate CEMS shall meet EPA monitoring performance specifications [cites]." Title V Permit, Permit Unit C-261-2-28, Requirement 58; Title V Permit, Permit Unit C-261-2-27, Requirement 58; s*ee* Title V Permit, Permit Unit C-261-2-24.

47. Within the last five years, Defendant has self-reported violations of one or more of these requirements on at least 23 occasions. Each of these violations constitutes a separate and distinct violation of the Title V Permit and the CAA.

48. The Title V Permit requires Defendant to "maintain and operate an opacity CEMS ["COMS"] in the final stack to continuously measure the opacity of stack emissions." Title V Permit, Permit Unit C-261-2-28, Requirement 24; Title V Permit, Permit Unit C-261-2-27, Requirement 24; s*ee* Title V Permit, Permit Unit C-261-2-24.

49. Within the last five years, Defendant has self-reported violations of this requirement on at least 20 occasions. Each of these violations constitutes a separate and distinct violation of the Title V Permit and the CAA.

50. The Title V Permit includes several provisions that require Defendant to operate and maintain continuous parametric monitoring systems ("CPMS").

51. The permit unit requirements include the following three provisions:

a.      "The owner or operator shall maintain, operate and quality-assure a Continuous Parametric Monitoring System which continuously measures and records the furnace oxygen/fuel ratio at least once per hour." Title V Permit, Permit Unit C-261-2-28, Requirement 40; Title V Permit, Permit Unit C-261-2-27, Requirement 40; *see* Title V Permit, Permit Unit C-261-2-24.

b.      "The owner or operator shall maintain, operate and quality-assure a Continuous Parametric Monitoring System which continuously measures and records the caustic soda injection system's liquid flow rate and liquid specific gravity." Title V Permit, Permit Unit C-261-2-28, Requirement 44; *see* Title V Permit, Permit Unit C-261-2-24.

c.      "The owner or operator shall maintain, operate and quality-assure a Continuous

Parametric Monitoring System which continuously measures and records the secondary current and secondary voltage across each field of the DESP at least once per hour." Title V Permit, Permit Unit C-261-2-28, Requirement 48; *see* Title V Permit, Permit Unit C-261-2-24.

52. Within the last five years, Defendant has self-reported violations of these requirements on at least 5 occasions. Each of these violations constitutes a separate and distinct violation of the Title V Permit and the CAA. Each of these violations constitutes a separate and distinct violation of the Title V Permit and the CAA.

53. The Title V Permit requires Defendant to report excess emissions each calendar quarter. Title V Permit, Permit Unit C-261-2-28, Requirement 29; Title V Permit, Permit Unit C-261-2-27, Requirement 29; *see* Title V Permit, Permit Unit C-261-2-24. Each report should include the dates, times, and excess emissions. Each report should also include any instances of CEMS downtime, and a summary of the downtime dates, times, duration, and activities that occurred during the reporting period. A review of the CEMS Quarterly Reports submitted by Defendant over the last five years demonstrates that Defendant has violated and continues to violate these requirements by submitting inadequate quarterly reports including failures to report opacity exceedances.

54. Particles from NOx emissions can cause respiratory issues including lung tissue damage and contributes to smog and acid rain. The Title V Permit contains limits on the emission of NOx to protect the public health and environment.

55. The Title V Permit requires Defendant to limit NOx emissions. *See* Title V Permit, Permit Unit C-261-2-28, Requirements 33-36 ("NOx emission standard"); Title V Permit, Permit Unit C-261-2-27, Requirements 33-36; *see* Title V Permit, Permit Unit C-261-2-24.

56. Defendant has self-reported exceedance of the NOx emission standard during at least four quarters over the last five years, which amount to at least 163 violations. Each of these exceedances constitutes a separate and distinct violation of the Title V Permit and the CAA.

57. Exposure to PM can affect human lung and heart health and can cause environmental damage. The Title V Permit contains limits on the emission of PM to protect the public health and environment.

58. The Title V Permit requires Defendant to limit emissions of PM. *See* Title V Permit, Permit Unit C-261-2-28, Nos. 33-35, 37 and Title V Permit, Permit Unit C-261-2-27, Nos. 33-35, 37 ("PM

1   emission standard"); *see* Title V Permit, Permit Unit C-261-2-24.

2      59. Defendant has self-reported exceedance of the PM emission standard on at least five occasions

3   over the last five years. Each of these exceedances constitutes a separate and distinct violation of the

4   Title V Permit and the CAA.

5      60. This complaint seeks declaratory relief, injunctive relief, the imposition of civil penalties, and

6   the award of costs, including attorney and expert witness fees, for Defendant's violations of its Title

7   V Permit and the CAA resulting from its operations at the Chowchilla Plant.

8                                    **FIRST CAUSE OF ACTION**

9   **Defendant's Failure to Meet Opacity Emissions Limits in Violation of its Title V Permit (2016**

10  **Title V Permit, Permit C-261-0-03, Requirement 25; 2022 Title V Permit, Permit C-261-0-04,**

11  **Requirement 25) and the Clean Air Act, 42 U.S.C. §§ 7604(a), 7604(f)**

12     61. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-60.

13     62. Over the last five years, Defendant repeatedly exceeded the opacity emission standard at its

14  glass melting furnace in excess of 8700 times (*see* **Exhibit A,** the Notice of Intent to Sue and its

15  Exhibit A, attached hereto).

16     63. Each time that Defendant exceeded the opacity emission limit is a separate and distinct

17  violation of the Title V Permit (Title V Permit, C-261-0-4, Requirement 25; Title V Permit, C-261-

18  0-3, Requirement 25, as well as the CAA and the California SIP (*see* 40 C.F.R. § 52.220 *et seq*., and

19  San Joaquin Valley Air Pollution Control District Rule 4101, Section 5, *see also* 42 U.S.C. §§

20  7604(a), 7604(f)).

21     64. On information and belief, Plaintiffs allege that these violations have continued and are

22  continuing.

23     65. For each violation, Defendant is subject to civil penalties of up to $37,500 for violations

24  occurring before November 2, 2015; up to $47,357 per day for violations occurring after November

25  15, 2019. *See* 40 C.F.R section 19.4, Table 2; Civil Monetary Penalty Inflation Adjustment Rule, 84

26  Fed. Reg. 2056 (February 6, 2019).

27     66. An action for injunctive relief is authorized by CAA Section 304(a), 42 U.S.C. § 7604(a).

28  Continuing commission of the acts and omissions alleged above would irreparably harm Plaintiffs

---

11

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES

1 and their members, and the citizens of the State of California, for which harm they have no plain,

2 speedy, or adequate remedy at law.

3    67. An action for declaratory relief is authorized by 28 U.S.C. § 2201(a) because an actual

4 controversy exists as to the rights and other legal relations of the Parties.

5        WHEREFORE, Plaintiffs pray for judgment against Defendant as set forth hereafter.

6 **<u>SECOND CAUSE OF ACTION</u>**

7 **Defendant's Failure to Meet Requirements to Operate and Maintain Pollution Control**

8 **Technology to Control Emissions of Air Pollutants in Violation of its Title V Permit (2022**

9 **Title V Permit, Permit Unit C-261-2-28, Requirement 30; 2022 Title V Permit, Permit Unit C-**

10 **261-2-28, Requirement 31) and the Clean Air Act, 42 U.S.C. §§ 7604(a), 7604(f)**

11    68. Plaintiffs re-allege and incorporate the allegations set forth in paragraph 1-67.

12    69. Over the last five years, Defendant violated requirements to operate and maintain pollution

13 control technology to control emissions of air pollutants over 50 times (*see* **Exhibit A,** the Notice of

14 Intent to Sue and its Exhibit B, attached hereto).

15    70. Each time that Defendant failed to operate and maintain pollution control technology is a

16 separate and distinct violation of the Title V Permit (Title V Permit, Permit Unit C-261-2-28,

17 Requirements 30-31; Title V Permit, Permit Unit C-261-2-27, Requirements 30-31; *see* Title V

18 Permit, Permit Unit C-261-2-24), as well as the CAA and the California SIP (*see* 42 U.S.C. §§

19 7604(a), 7604(f)).

20    71. On information and belief, Plaintiffs allege that these violations are continuing.

21    72. For each violation, Defendant is subject to civil penalties of up to $37,500 for violations

22 occurring before November 2, 2015 and up to $47,357 per day for violations occurring after

23 November 2, 2015. *See* 40 C.F.R section 19.4, Table 2; Civil Monetary Penalty Inflation Adjustment

24 Rule, 84 Fed. Reg. 2056 (February 6, 2019).

25    73. An action for injunctive relief is authorized by CAA Section 304(a), 42 U.S.C. § 7604(a).

26 Continuing commission of the acts and omissions alleged above would irreparably harm Plaintiffs

27 and their members, and the citizens of the State of California, for which harm they have no plain,

28 speedy, or adequate remedy at law.

74. An action for declaratory relief is authorized by 28 U.S.C. § 2201(a) because an actual controversy exists as to the rights and other legal relations of the Parties.

WHEREFORE, Plaintiffs pray for judgment against Defendant as set forth hereafter.

### THIRD CAUSE OF ACTION

**Defendant's Failure to Meet the Minimum Power Input into the Dry Electrostatic Precipitator in Violation of its Title V Permit (2022 Title V Permit, Permit Unit C-261-2-28, Requirement 49) and the Clean Air Act, 42 U.S.C. §§ 7604(a), 7604(f)**

75. Plaintiffs re-allege and incorporate the allegations set forth in paragraph 1-74.

76. Over the last five years, Defendant violated the requirement to meet the minimum power input into the DESP on at least 11 occasions (*see* **Exhibit A,** the Notice of Intent to Sue and its Exhibit C, attached hereto).

77. Each time that Defendant failed to meet the minimum power input into the DESP is a separate and distinct violation of the Title V Permit (Title V Permit, Permit Unit C-261-2-28, Requirement 49; Title V Permit, Permit Unit C-261-2-27, Requirement 49; *see* Title V Permit, Permit Unit C-261-2-24), as well as the CAA and the California SIP (*see* 42 U.S.C. §§ 7604(a), 7604(f)).

78. On information and belief, Plaintiffs allege that these violations are continuing.

79. For each violation, Defendant is subject to civil penalties of up to $37,500 for violations occurring before November 2, 2015 and up to $47,357 per day for violations occurring after November 2, 2015. *See* 40 C.F.R section 19.4, Table 2; Civil Monetary Penalty Inflation Adjustment Rule, 84 Fed. Reg. 2056 (February 6, 2019).

80. An action for injunctive relief is authorized by CAA Section 304(a), 42 U.S.C. § 7604(a). Continuing commission of the acts and omissions alleged above would irreparably harm Plaintiffs and their members, and the citizens of the State of California, for which harm they have no plain, speedy, or adequate remedy at law.

81. An action for declaratory relief is authorized by 28 U.S.C. § 2201(a) because an actual controversy exists as to the rights and other legal relations of the Parties.

WHEREFORE, Plaintiffs pray for judgment against Defendant as set forth hereafter.

**FOURTH CAUSE OF ACTION**

**Defendant's Failure to Meet Requirements to Operate and Maintain Continuous Emissions Monitoring Systems Properly in Violation of its Title V Permit (2022 Title V Permit, Permit Unit C-261-2-28, Requirement 23; 2022 Title V Permit, Permit Unit C-261-2-28, Requirement 25; 2022 Title V Permit, Permit Unit C-261-2-28, Requirement 56; 2022 Title V Permit, Permit Unit C-261-2-28, Requirement 57) and the Clean Air Act, 42 U.S.C. §§ 7604(a), 7604(f)**

82. Plaintiffs re-allege and incorporate the allegations set forth in paragraph 1-81.

83. Over the last five years, Defendant violated requirements to properly operate and maintain continuous emissions monitoring systems to measure stack gas NOx concentrations and stack gas volumetric flow rates, including data acquisition systems over 20 times (*see* **Exhibit A,** the Notice of Intent to Sue and its Exhibit D, attached hereto).

84. Each time that Defendant has failed to properly operate and maintain continuous emissions monitoring systems to measure stack gas NOx concentrations and stack gas volumetric flow rates, including data acquisition systems, is a separate and distinct violation of the Title V Permit (Title V Permit, Permit Unit C-261-2-28, Requirements 23, 25, 56, 57, 58; Title V Permit, Permit Unit C-261-2-27, Requirements 23, 25, 56, 57, 58; *see* Title V Permit, Permit Unit C-261-2-24), as well as the CAA and the California SIP (*see* 42 U.S.C. §§ 7604(a), 7604(f)).

85. On information and belief, Plaintiffs allege that these violations are continuing.

86. For each violation, Defendant is subject to civil penalties of up to $37,500 for violations occurring before November 2, 2015 and up to $47,357 per day for violations occurring after November 2, 2015. *See* 40 C.F.R section 19.4, Table 2; Civil Monetary Penalty Inflation Adjustment Rule, 84 Fed. Reg. 2056 (February 6, 2019).

87. An action for injunctive relief is authorized by CAA Section 304(a), 42 U.S.C. § 7604(a). Continuing commission of the acts and omissions alleged above would irreparably harm Plaintiffs and their members, and the citizens of the State of California, for which harm they have no plain, speedy, or adequate remedy at law.

88. An action for declaratory relief is authorized by 28 U.S.C. § 2201(a) because an actual controversy exists as to the rights and other legal relations of the Parties.

WHEREFORE, Plaintiffs pray for judgment against Defendant as set forth hereafter.

## FIFTH CAUSE OF ACTION

**Defendant's Failure to Meet Requirements to Operate and Maintain Continuous Emissions Monitoring Systems for Opacity in Violation of its Title V Permit (2022 Title V Permit, Permit Unit C-261-2-28, Requirement 24) and the Clean Air Act, 42 U.S.C. §§ 7604(a), 7604(f)**

89. Plaintiffs re-allege and incorporate the allegations set forth in paragraph 1-88.

90. Over the last five years, Defendant violated requirements to properly operate and maintain continuous emissions monitoring systems to measure opacity of stack emissions at least 20 times (*see* **Exhibit A,** the Notice of Intent to Sue and its Exhibit E, attached hereto).

91. Each time that Defendant failed to properly operate and maintain continuous emissions monitoring systems to measure opacity of stack emissions is a separate and distinct violation of the Title V Permit (Title V Permit, Permit Unit C-261-2-28, Requirement 24; Title V Permit, Permit Unit C-261-2-27, Requirement 24; *see* Title V Permit, Permit Unit C-261-2-24), as well as the CAA and the California SIP (*see* 42 U.S.C. §§ 7604(a), 7604(f)).

92. On information and belief, Plaintiffs allege that these violations are continuing.

93. For each violation, Defendant is subject to civil penalties of up to $37,500 for violations occurring before November 2, 2015 and up to $47,357 per day for violations occurring after November 2, 2015. *See* 40 C.F.R section 19.4, Table 2; Civil Monetary Penalty Inflation Adjustment Rule, 84 Fed. Reg. 2056 (February 6, 2019).

94. An action for injunctive relief is authorized by CAA Section 304(a), 42 U.S.C. § 7604(a). Continuing commission of the acts and omissions alleged above would irreparably harm Plaintiffs and their members, and the citizens of the State of California, for which harm they have no plain, speedy, or adequate remedy at law.

95. An action for declaratory relief is authorized by 28 U.S.C. § 2201(a) because an actual controversy exists as to the rights and other legal relations of the Parties.

WHEREFORE, Plaintiffs pray for judgment against Defendant as set forth hereafter.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES

## SIXTH CAUSE OF ACTION

**Defendant's Failure to Meet Requirements to Operate and Maintain Continuous Parametric Monitoring Systems properly in Violation of its Title V Permit (2022 Title V Permit, Permit Unit C-261-2-28, Requirement 40; 2022 Title V Permit, Permit Unit C-261-2-28, Requirement 44; 2022 Title V Permit, Permit Unit C-261-2-28, Requirement 48) and the Clean Air Act, 42 U.S.C. §§ 7604(a), 7604(f)**

96. Plaintiffs re-allege and incorporate the allegations set forth in paragraph 1-95.

97. Over the last five years, Defendant violated requirements to properly operate and maintain continuous parametric monitoring systems at least 5 times (*see* **Exhibit A** the Notice of Intent to Sue and its exhibit F, attached hereto).

98. Each time that Defendant failed to properly operate and maintain continuous parametric monitoring systems and is a separate and distinct violation of the Title V Permit (Title V Permit, Permit Unit C-261-2-28, Requirements 40, 44, 48; Title V Permit, Permit Unit C-261-2-27, Requirement 40, 44, 48; *see* Title V Permit, Permit Unit C-261-2-24), as well as the CAA and the California SIP (*see* 42 U.S.C. §§ 7604(a), 7604(f)).

99. On information and belief, Plaintiffs allege that these violations are continuing.

100.    For each violation, Defendant is subject to civil penalties of up to $37,500 for violations occurring before November 2, 2015 and up to $47,357 per day for violations occurring after November 2, 2015. *See* 40 C.F.R section 19.4, Table 2; Civil Monetary Penalty Inflation Adjustment Rule, 84 Fed. Reg. 2056 (February 6, 2019).

101.    An action for injunctive relief is authorized by CAA Section 304(a), 42 U.S.C. § 7604(a). Continuing commission of the acts and omissions alleged above would irreparably harm Plaintiffs and their members, and the citizens of the State of California, for which harm they have no plain, speedy, or adequate remedy at law.

102.    An action for declaratory relief is authorized by 28 U.S.C. § 2201(a) because an actual controversy exists as to the rights and other legal relations of the Parties.

WHEREFORE, Plaintiffs pray for judgment against Defendant as set forth hereafter.

**SEVENTH CAUSE OF ACTION**

**Defendant's Failure to Properly Report from Continuous Emissions Monitoring Systems ("CEMS") in Violation of its Title V Permit (2022 Title V Permit, Permit Unit C-261-2-28, Requirement 27) and the Clean Air Act, 42 U.S.C. §§ 7604(a), 7604(f)**

103. Plaintiffs re-allege and incorporate the allegations set forth in paragraph 1-102.

104. Over the last five years, Defendant violated requirements to report excess emissions each calendar quarter, such as opacity exceedances and summaries of emissions exceedances, and CEMS downtime and summaries of periods of CEMS downtime at least 48 times (*see* **Exhibit A,** the Notice of Intent to Sue and its Exhibit G, attached hereto).

105. Each time that Defendant failed to meet reporting requirements for continuous emissions monitoring systems is a separate and distinct violation of the Title V Permit (Title V Permit, Permit Unit C-261-2-28, Requirement 27; Title V Permit, Permit Unit C-261-2-27, Requirement 27; *see* Title V Permit, Permit Unit C-261-2-24), as well as the CAA and the California SIP (*see* 42 U.S.C. §§ 7604(a), 7604(f)).

106. On information and belief, Plaintiffs allege that these violations are continuing.

107. For each violation, Defendant is subject to civil penalties of up to $37,500 for violations occurring before November 2, 2015 and up to $47,357 per day for violations occurring after November 2, 2015. *See* 40 C.F.R section 19.4, Table 2; Civil Monetary Penalty Inflation Adjustment Rule, 84 Fed. Reg. 2056 (February 6, 2019).

108. An action for injunctive relief is authorized by CAA Section 304(a), 42 U.S.C. § 7604(a). Continuing commission of the acts and omissions alleged above would irreparably harm Plaintiffs and their members, and the citizens of the State of California, for which harm they have no plain, speedy, or adequate remedy at law.

109. An action for declaratory relief is authorized by 28 U.S.C. § 2201(a) because an actual controversy exists as to the rights and other legal relations of the Parties.

WHEREFORE, Plaintiffs pray for judgment against Defendant as set forth hereafter.

**<u>EIGHTH CAUSE OF ACTION</u>**

**Defendant's Failure to Meet NOx Emissions Standards in Violation of its Title V Permit (2022 Title V Permit, Permit Unit C-261-2-28, Requirement 33; 2022 Title V Permit, Permit Unit C-261-2-28, Requirement 34; 2022 Title V Permit, Permit Unit C-261-2-28, Requirement 35; 2022 Title V Permit, Permit Unit C-261-2-28, Requirement 36) and the Clean Air Act, 42 U.S.C. §§ 7604(a), 7604(f)**

110.    Plaintiffs re-allege and incorporate the allegations set forth in paragraph 1-109.

111.    Over the last five years, Defendant exceeded the NOx emission standard during at least four calendar quarters, which equates to at least 163 violations (*see* **Exhibit A,** the Notice of Intent to Sue and its Exhibit H, attached hereto).

112.    Each time that Defendant failed to meet the NOx emission standard is a separate and distinct violation of the Title V Permit (Title V Permit, Permit Unit C-261-2-28, Requirements 33-36; Title V Permit, Permit Unit C-261-2-27, Requirements 33-36; *see* Title V Permit, Permit Unit C-261-2-24), as well as the CAA and the California SIP (*see* 42 U.S.C. §§ 7604(a), 7604(f)).

113.    On information and belief, Plaintiffs allege that these violations are continuing.

114.    For each violation, Defendant is subject to civil penalties of up to $37,500 for violations occurring before November 2, 2015 and up to $47,357 per day for violations occurring after November 2, 2015. *See* 40 C.F.R section 19.4, Table 2; Civil Monetary Penalty Inflation Adjustment Rule, 84 Fed. Reg. 2056 (February 6, 2019).

115.    An action for injunctive relief is authorized by CAA Section 304(a), 42 U.S.C. § 7604(a). Continuing commission of the acts and omissions alleged above would irreparably harm Plaintiffs and their members, and the citizens of the State of California, for which harm they have no plain, speedy, or adequate remedy at law.

116.    An action for declaratory relief is authorized by 28 U.S.C. § 2201(a) because an actual controversy exists as to the rights and other legal relations of the Parties.

WHEREFORE, Plaintiffs pray for judgment against Defendant as set forth hereafter.

## NINTH CAUSE OF ACTION

**Defendant's Failure to Meet Particulate Matter Emissions Standards in Violation of its Title V Permit (2022 Title V Permit, Permit Unit C-261-2-28, Requirement 15; 2022 Title V Permit, Permit Unit C-261-2-28, Requirement 34; 2022 Title V Permit, Permit Unit C-261-2-28, Requirement 35; 2022 Title V Permit, Permit Unit C-261-2-28, Requirement 36) and the Clean Air Act, 42 U.S.C. §§ 7604(a), 7604(f)**

117.     Plaintiffs re-allege and incorporate the allegations set forth in paragraph 1-116.

118.     Over the last five years, Defendant exceeded the PM emission standard at least 5 times (*see* **Exhibit A,** the Notice of Intent to Sue and its Exhibit I, attached hereto).

119.     Each time that Defendant failed to meet the PM emission standard is a separate and distinct violation of the Title V Permit (Title V Permit, Permit Unit C-261-2-28, Requirements 33-35, 37; Title V Permit, Permit Unit C-261-2-27, Requirements 33-35, 37; *see* Title V Permit, Permit Unit C-261-2-24), as well as the CAA and the California SIP (*see* 42 U.S.C. §§ 7604(a), 7604(f)).

120.     On information and belief, Plaintiffs allege that these violations are continuing.

121.     For each violation, Defendant is subject to civil penalties of up to $37,500 for violations occurring before November 2, 2015 and up to $47,357 per day for violations occurring after November 2, 2015. *See* 40 C.F.R section 19.4, Table 2; Civil Monetary Penalty Inflation Adjustment Rule, 84 Fed. Reg. 2056 (February 6, 2019).

122.     An action for injunctive relief is authorized by CAA Section 304(a), 42 U.S.C. § 7604(a). Continuing commission of the acts and omissions alleged above would irreparably harm Plaintiffs and their members, and the citizens of the State of California, for which harm they have no plain, speedy, or adequate remedy at law.

123.     An action for declaratory relief is authorized by 28 U.S.C. § 2201(a) because an actual controversy exists as to the rights and other legal relations of the Parties.

WHEREFORE, Plaintiffs pray for judgment against Defendant as set forth hereafter.

## V.  RELIEF REQUESTED

WHEREFORE, based upon the allegations set forth above, Plaintiffs respectfully request that this Court:

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES

1    A.    Declare that Defendant violated the Clean Air Act, the California SIP, and its Title V

2 Permit by exceeding its opacity emissions limit;

3    B.    Declare that Defendant violated the Clean Air Act, the California SIP, and its Title V

4 Permit by failing to operate and maintain pollution control technology to control emissions of air

5 pollutants;

6    C.    Declare that Defendant violated the Clean Air Act the California SIP, and its Title V

7 Permit by failing to maintain the hourly average total power input into the dry electrostatic

8 precipitator;

9    D.    Declare that Defendant violated the Clean Air Act, the California SIP, and its Title V

10 Permit by failing to operate and maintain continuous emissions monitoring systems to measure stack

11 gas NOx concentrations and stack gas volumetric flow rates, including data acquisition systems;

12    E.    Declare that Defendant violated the Clean Air Act, the California SIP, and its Title V

13 Permit by failing to maintain and operate continuous emissions monitoring systems for opacity in the

14 final stack to continuously measure the opacity of stack emissions;

15    F.    Declare that Defendant violated the Clean Air Act, the California SIP, and its Title V

16 Permit by failing to operate and maintain continuous parametric monitoring systems;

17    G.    Declare that Defendant violated the Clean Air Act, the California SIP, and its Title V

18 Permit by failing to properly report continuous emissions monitoring systems;

19    H.    Declare that Defendant violated the Clean Air Act, the California SIP, and its Title V

20 Permit by exceeding its NOx emissions limit;

21    I.    Declare that Defendant violated the Clean Air Act, the California SIP, and its Title V

22 Permit by exceeding its particulate matter emissions limit;

23    J.    Enjoin Defendant from violating the substantive and procedural requirements of its

24 Title V Permit;

25    K.    Order Defendant to take all appropriate actions, including beneficial mitigation

26 projects authorized under the Clean Air Act, 42 U.S.C. § 7604(g)(2), to remedy, mitigate, and offset

27 the harm to the public health and the environment caused by the violations of the Clean Air Act

28 alleged above;

L.      Assess a civil penalty against Defendant of $37,500 per day for each violation proven by Plaintiffs occurring before November 2, 2015 and $47,357 per day for each violation proven by Plaintiff occurring after November 2, 2015.

M.      Award Plaintiffs its costs and attorneys' fees related to this action pursuant to 42 U.S.C. § 7604(d);

N.      Grant such other relief as the Court deems just and proper.


DATED: July 31, 2020                                    AQUA TERRA AERIS LAW GROUP




                                                        _____
                                                        Erica A. Maharg
                                                        Attorneys for Plaintiffs ASSOCIATION OF
                                                        IRRITATED RESIDENTS, SAN JOAQUIN
                                                        RAPTOR/WILDLIFE RESCUE CENTER a
                                                        non-profit corporation, CENTRAL VALLEY
                                                        SAFE ENVIRONMENT NETWORK and
                                                        PROTECT OUR WATER

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES